DECISION
Plaintiff appeals concerning certain real property taxes for the four tax years 2004-05 through 2007-08. The property is identified as Account 1245404. Plaintiff seeks cancellation of the delinquent taxes imposed of $29,029.90, along with interest computed on the unpaid balance.
A trial was convened on May 27, 2009, in Eugene, Oregon. David E. Carmichael, Attorney at Law, represented Plaintiff. Chris W. Neilson (Neilson), Pastor, testified as a witness. Marc Kardell, Assistant County Counsel, represented Defendant. Joyce Kehoe, Supervisor, testified as a witness. Subsequently, written submissions were filed; the record closed on July 10, 2009.
 I. STATEMENT OF FACTS
Plaintiff is an exempt religious organization. In 1982 it submitted an exemption application to Defendant. The exemption was granted. Later, a daycare area at Plaintiff's site was operated by the Willakenzie Christian Learning Center (Learning Center). (Compl at 1.) On the 1982 application, Plaintiff's mailing address was given as PO Box 7591. (Ptf's Ex 1 at 1.) The church never officially changed its address with Defendant until 2008. *Page 2 
In the mid-1990's the Learning Center filed its own exemption application for the daycare property. (Ptf's Ex 7.) It was granted. The same address of PO Box 7591, Eugene, was given as the address of record. The process was repeated in 1998. (Ptf's Ex 9.)
In 2003, a similar request was submitted by the Learning Center (Ptf's Ex14). On this occasion, however, the situs address of 3040 Willakenzie [Road], Eugene, was used. (Id.) The PO Box was not cited.
On August 25, 2003, Defendant mailed a notice entitled "Removal of Exemption for Account 1245404" (Def's Ex M at 1). It was for the 2003-04 tax year and was sent to Plaintiff at PO Box 7591, which was still the address of record. (Id.) It was received and signed for by Neilson on September 2, 2003. (Id. at 2.) Upon a later application, the exemption was granted. (Def's Ex N.)
A letter dated March 2, 2004, was sent by Defendant to the Learning Center at the property address. (Ptf's Ex 14 at 2.) It referred to the lease expiration on June 30, 2004. It stated "[t]he portion of theproperty used by applicant will be placed on the tax roll for July 1,2004." (Ptf's Ex 14.) (Emphasis in original.) It also noted that a new claim was required to continue the exempt status. No subsequent application was timely received upon the lease expiration. This is what caused the property to first be assessed and taxed for the years at issue.
According to the Complaint, "Plaintiff was unfamiliar with the requirement that it file a new exemption form upon the expiration of its lease with its former lessee Willakenzie Christian Learning Center after 2003." (Compl at 1.)
For the 2004-05 tax year, the subject property was assessed and taxed on the portion previously occupied by the Learning Center. (Compl at 1.) The annual tax statement was sent to the owner (Plaintiff) at its address of record at PO Box 7591. (Id. at 2, 8.) Similar billings were *Page 3 
sent for subsequent years. (Id. at 8-11.) No payments were made when the taxes became due. Neilsen testified he never saw the tax statements or overdue notices until 2008.
In May of 2008, Neilson first discovered that the subject property was not entirely exempt. He testified that he immediately contacted Defendant. This appeal followed.
 II. ANALYSIS
ORS 311.555 requires a taxpayer to keep a county tax collector informed of its correct and current mailing address.[1] Importantly, it also states that "[n]o person, firm or corporation who fails to keep the tax collector so informed shall be permitted to plead lack of due notice * * *." ORS 311.555.
From the first application in 1982, the address maintained by Defendant was the PO Box. It was then used successfully to contact Plaintiff. The Learning Center was a different entity. The address used on its correspondence with Defendant was kept current at the time.
Failure to refile for an exemption caused the property to be assessed beginning in 2004. Plaintiff's failure to maintain a current correct address directly caused the delinquent taxes. The key question is whether there is a remedy available to Plaintiff at this late date. The court reluctantly concludes there is not.
It is undisputed that Plaintiff never submitted an official change of address request form during the years in question. This is the critical omission that caused the taxes to go unpaid. Gehrt v. Multnomah CountyAssessor, TC-MD No 060206B, WL 1725637 at *1 (June 20, 2006), establishes that "[w]ithout official notice from a taxpayer, there is no way for Defendant to officially make a change in its records." *Page 4 
Similar facts are present in Hawkins v. Lane County Assessor (Hawkins), TC-MD No 091267C, WL 5103232 (Dec 22, 2009). There, the focus was on whether interest should be forgiven on unpaid taxes. The property owner had not given official notice of an address change, but argued that the assessor should have discovered an inconsistency in its own internal records. The court held that:
 "Where, as here, a taxpayer fails to provide the tax collector or assessor with her correct address information and, as a result, the taxes are not paid, that error comes with a cost. That cost is the imposition of interest and, eventually, foreclosure."
Hawkins, TC-MD No 091267C, WL 5103232 at *2.
Defendant had no official duty to search its records and unilaterally change the written directions the taxpayer had provided over twenty years earlier.
This case is unfortunate in its results. Well meaning people, acting in good faith, have been placed in a situation with no easy remedy. It clearly emphasizes the need for property owners to audit their annual tax statements and property status. This is especially true when dealing with potentially exempt properties.
The court is not without sympathy for Plaintiff. But given the strict nature of the law in this area, it cannot carve out an exception, in equity, for Plaintiff under these facts. On this record, that is beyond the court's limited authority.
Plaintiff has the burden of proof and must establish its case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." Reed v. Dept. of Rev., 310 Or 260,265, 798 P2d 235 (1990). Plaintiff in this case has not met that statutory requirement. Accordingly, the appeal must be denied. *Page 5 
 III. CONCLUSION
Under the facts presented, there is no authority to order the relief requested. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of February 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 THIS DOCUMENT WAS SIGNED BY MAGISTRATE JEFFREY S. MATTSON ON FEBRUARY18, 2010, AND FILED THE SAME DAY. THIS IS A PUBLISHED DOCUMENT.
[1] All references to the Oregon Revised Statutes (ORS) refer to 2003. Any citations critical to another year will be noted if there is a change in wording. *Page 1